AO 472 (Rev. 11/16), modified by NED (9/17)

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>NICOLAS BARTOLO RAMIREZ,<br>  Defendant | Case No. 8:25cr35<br><br>**ORDER OF DETENTION PENDING TRIAL** |

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.

This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)


### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ History of violence or use of weapons
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☒ Prior attempt(s) to evade law enforcement
☒ Background information unknown or unverified
☒ The nature and circumstances of the offense charged.
☒ The nature and seriousness of the danger posed by the defendant's release.

OTHER REASONS OR FURTHER EXPLANATION:

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  2/24/2025

s/ Michael D. Nelson

United States Magistrate Judge